IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
98 FEB 13 AM 10: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
DIAGNOSTIC HEALTH SYSTEMS, INC.,  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   CIVIL ACTION NO.  96-G-2807-S
                                  )
APPLIED DIAGNOSTIC SYSTEMS, INC.; )
CORRECTIONAL MEDICAL SERVICES,    )
INC.; RANDY DUPREL; JAMES L.      )
CHAMBERS; and LLOYD GATHERUM,     )
                                  )
          Defendants.             )
```

ENTERED
FEB 1 3 1998

MEMORANDUM OPINION

The accompanying order needs little clarification. The court has stricken unauthenticated, unsworn statements and exhibits not falling within the business exception. The court has, however, allowed deposition excerpts of Kathy Snider, said testimony admissible for impeachment purposes and on the merits as an admission or statement against interest, and admissible to prove that conversations within the scope of her employment took place, if relevant.

In *Upjohn v. United States*, 449 U.S. 383, 101 S. Ct. 1310, 66 L. Ed. 2d 584 (1981), the court held that communications between corporate general counsel and corporate employees are protected by the attorney-client privilege. The *Upjohn* court did

98

not address the issue of whether the privilege applied to former employees. 449 U.S. at 393 n.3, 66 L. Ed. 2d at 593 n.3. In his concurring opinion Chief Justice Burger did apply the privilege to former employees when he stated the following:

> [A] communication is privileged at least when ... an employee or former employee speaks at the direction of management with an attorney at the direction of the management regarding conduct or proposed conduct within the scope of employment," provided the attorney is "one authorized by the management to assist counsel in ... (a) evaluating whether the employee's conduct has bound or would bind the corporation; (b) assessing the legal consequences, if any, of that conduct; or (c) formulating appropriate legal responses to actions that have been or may be taken by others with regard to that conduct.

449 U.S. at 403, 66 L. Ed. 2d at 599.

In *Admiral Ins. v. U.S. District Court for Dist. of Ariz.*, 881 F.2d 1486, 1490 (9th Cir. 1989), the court held that a former corporate employee's statement to Admiral's counsel was "protected unequivocally by the attorney-client privilege." *Royal Embassy of Saudi Arabia v. S.S. Mt. Dirdfys*, 537 F. Supp. 55, 56 (E.D. N.C. 1981), explained the privilege granted to employees in the following manner: "Corporate employees stand in the shoes of the entity for the purposes of this privilege." The court then quoted the following passage from *Upjohn*:

> [E]mployees can ... embroil the corporation in serious legal difficulties, and it is only natural that these employees would have the relevant information needed by corporate counsel if he is adequately to advise the client with respect to such actual or potential difficulties. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S. Ct. 677, 683, 66 L. Ed. 2d 584 (1981).

537 F. Supp. at 56.

In noting that the *Upjohn* court did not decide whether the privilege applies to communications between a corporation and its former employees, the court in *Command Trans., Inc. v. Y.S. Line (USA) Corp.*, 116 F.R.D. 94, 96, (D. Mass. 1987), concluded that *Upjohn* "did not hesitate ... to stress that the attorney-client privilege exists to protect not only the giving of advice by an attorney to his or her client, but also exists to protect the giving of information to the lawyer to enable him or her to give sound and informed advice." The court noted that other federal courts in developing federal common law, "have applied the protections of the corporate attorney-client privilege set forth in *Upjohn* to communications with former employees. *See e.g., Porter v. Arco Metals, Div. of Atlantic Richfield*, 642 F. Supp. 1116, 117-18 (D. Mont. 1986)." 116 F.R.D. at 96.

The *Command Transportation* court then cited the following passage from the Ninth Circuit's holding in *In Re: Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 658 F.2d 1355, 1361 n.7 (9th Cir. 1981) as an extension of the corporate attorney-client privilege to former employees:

> Although *Upjohn* was specifically limited to current employees (citation omitted) the same rationale applies to the ex-employees (and current employees) involved in this case. Former employees, as well as current employees, may possess the relevant information needed

3

by corporate counsel to advise the client with respect
to actual or potential difficulties.

The court held that the communications between the corporate counsel and the former employee were protected.

Although the Eleventh Circuit has referred to the *Upjohn* decision and the long upheld attorney-client privilege it has made no ruling concerning its applicability to former employees. Alabama law does not address the question. The court rejects the argument of defendants Applied, Duprel, and Chambers that federal privilege law is inapplicable in the instant case. Barring a ruling by a higher federal court or the Alabama Supreme Court that the attorney-client privilege does not apply to communications between former employees of a corporation and counsel for that corporation, this court follows the Burger *Upjohn* rationale and that of the Ninth Circuit: attorney-client communications between an authorized corporate attorney and a former employee are privileged.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 12th day of February 1998.

```
                          UNITED STATES DISTRICT JUDGE
                              J. FOY GUIN, JR.
```